IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| In Re: | ) | Case No: | 15-31611-DHW |
|---|---|---|---|
| Catherine Glass | ) | Chapter: | 13 |
| SSN: xxx-xx-2456 | ) | | |
| Debtor | ) | | |

## OBJECTION TO CONFIRMATION
## FILED BY OCWEN LOAN SERVICING, LLC

Comes now OCWEN LOAN SERVICING, LLC, its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and hereby objects to the proposed plan filed by the Debtor and seeks an order by this Honorable Court sustaining the Creditor's objection and denying confirmation of the Debtors' proposed plan; and in support thereof, the Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C § 157 and 1334; and 11 U.S.C. § 1322, 1323, 1324 and 1325. The Objection to Confirmation constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 3015(f) and 9014.

2. The Creditor holds a mortgage lien on the property commonly referred to as 64 Thompson Road, Notasulga, AL 36866, and legally described in the Mortgage and Note.

3. The Debtor proposes to cramdown the debt to a value of $18,640. However, a recent BPO shows the value to be at least $50,000.

4. The Debtors' proposed plan impermissibly, unilaterally and without the consent of the Creditor, modifies the rights of the Creditor and holder of a secured claim, secured only by a security interest in real property that is the Debtors' principal residence.

5. The Debtors' proposed plan fails to comply with 11 U.S.C. § 1325(a)(1). Due to that failure, the Debtors' proposed plan appears to violate 11 U.S.C. § 1325(a)(3) and (a)(5).

6. The Debtors' actions in proposing a plan in violation of Section 1322(b)(2) and 1325(a)(1) have caused unreasonable delay that is prejudicial to the Creditor. Further, such impermissible provisions of the proposed plan renders the Creditor's rights, interest, and security interests as not being adequately protected.

## **ATTORNEYS FEES**

7. The Creditor has had to incur additional expense in order to protect its rights and interests under its mortgage and mortgage loan, in the form of reasonable attorneys fees and associated costs and requests this Court to award the Creditor reasonable attorneys fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will sustain the Creditor's Objection to Confirmation; enter an order denying confirmation; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Objection; and make a determination under 11 U.S.C § 1307(c)(5) whether additional time should be afforded the Debtor(s) for the filing of another plan or a modification; additional time should be afforded the Debtor(s) for the filing of another plan or a modification; and if additional time is afforded unto the Debtor

for filing of another plan or a modification, then enter an order awarding unto the Creditor adequate protection of its rights, interests, and security.

Respectfully submitted,

*Enslen Crowe*
Enslen Crowe (CRO-098)
Attorney for Creditor

OF COUNSEL
SIROTE & PERMUTT, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: (205) 918-5013/ Fax (205) 212-2989
ecrowe@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Objection to Confirmation was mailed, first class postage prepaid to the following:

Catherine Glass
64 Thompson Road
Notasulga, AL 36866

and served via electronic case management to:

Joshua C Milam
566 S. Perry Street
Montgomery, AL 36104
jmilam@smclegal.com

Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

On this the 17th day of July, 2015.

*Enslen Crowe*
OF COUNSEL